1  LAW OFFICES OF BARAK BERLIN
2  BARAK BERLIN (CASB No. 216115)
   Email: Barak@BerlinLawGroup.com
   27349 Jefferson Ave, Ste 208
3  Temecula, CA 92590
   Telephone: (951) 296-6188
4  Facsimile: (951) 296-6187

5  LAW OFFICES OF CRAIG FRIEDBERG
   CRAIG FRIEDBERG (CASB No. 127303)
6  Email: attcbf@cox.net
   4760 South Pecos Road, Ste 103
7  Las Vegas, NV 89121
   Telephone: (702) 435-7968
8  Facsimile: (702) 946-0887

9  Attorney for Plaintiffs

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13

14  DAVID WEATHERSBY and JULIE      )  CASE NO.
    WEATHERSBY,                      )
15                                   )
                                     )  COMPLAINT FOR VIOLATIONS OF
16               Plaintiffs,         )  THE FEDERAL FAIR DEBT
                                     )  COLLECTION PRACTICES ACT;
17        vs.                        )  CALIFORNIA ROSENTHAL FAIR
                                     )  DEBT COLLECTION PRACTICES
18  EMPIRE MEDIA MARKETING,          )  ACT; NEGLIGENT INFLICTION OF
    LLC, EMPIRE MEDIA MARKETING      )  EMOTIONAL DISTRESS;
19  II, ASSET RECOVERY BUREAU,       )  INTENTIONAL INFLICTION OF
    LLC, ASSET RESEARCH BUREAU,      )  EMOTIONAL DISTRESS
20  TASHA GALLAGHER, and DOES 1-     )
    10, Inclusive                    )  JURY DEMANDED
21                                   )
                                     )
22               Defendants.         )
                                     )
23  _____ )

24

25

26        COMES NOW the Plaintiffs, DAVID WEATHERSBY and JULIE

27  WEATHERSBY ("Plaintiffs"), by way of Complaint against the Defendants, say:

28

# I. PRELIMINARY STATEMENT

1.      DAVID WEATHERSBY and JULIE WEATHERSBY ("Plaintiffs"), through Plaintiffs' attorney, brings this action to challenge the actions of EMPIRE MEDIA MARKETING, LLC, EMPIRE MEDIA MARKETING II, ASSET RECOVERY BUREAU, ASSET RESEARCH BUREAU, and TASHA GALLAGHER ("Defendants"), with regards to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

2.      Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

3.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.      Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5.      Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

# II. JURISDICTION AND VENUE

6.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

8.      Because Defendants do business within the State of California, personal jurisdiction is established.

9.      Venue is proper pursuant to 28 U.S.C. § 1391.

### III. PARTIES

10.     Plaintiff David Weathersby is a natural person who resides in the City of Murrieta, County of Riverside, State of California.

11.     Plaintiff Julie Weathersby is a natural person who resides in the City of Murrieta, County of Riverside, State of California.

12.     At all times relevant to this Complaint, Defendant Empire Media Marketing, LLC was a California Limited Liability Company whose principal place of business is 40119 Murrieta Hot Springs Road, A103, Murrieta, CA 92563.

13.     At all times relevant to this Complaint, Defendant Empire Media Marketing II was a California Corporation whose principal place of business is 31566 Railroad Canyon Road, #602, Canyon Lake, CA 92587 and/or 361 Railroad Canyon Road, #B, Lake Elsinore, CA 92532.

14.     At all times relevant to this Complaint, Defendant Asset Recovery Bureau, LLC was a California Limited Liability Company whose principal place of business is 26810 Ynez Road #C, Temecula, CA 92591 and/or 2105 Esperanza Drive, Concord, CA 94519.

15.     At all times relevant to this Complaint, Defendant Asset Research Bureau was a California Company of unknown organization whose principal place of business is 26810 Ynez Road #C, Temecula, CA 92591 and/or 31566 Railroad Canyon Road, #602, Canyon Lake, CA 92587.

16.     Defendant Tasha Gallagher is a natural person who works for Defendants Empire Media Marketing II, Asset Recovery Bureau, and Asset Research Bureau.

17.     Plaintiffs are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

18.     Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing

from Plaintiffs, and are "debtors" as that term is defined by California Civil Code § 1788.2(h).

19. Defendants Empire Media Marketing II, Asset Recovery Bureau, Asset Research Bureau, and Tasha Gallagher are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

20. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

22. Any acts or omissions of Tasha Gallagher alleged in this Complaint were under the direct control or supervision of Defendants Empire Media Marketing II, Asset Recovery Bureau, Asset Research Bureau and consequently Empire Media Marketing II, Asset Recovery Bureau, Asset Research Bureau are vicariously liable for these acts or omissions.

23. Plaintiffs are informed and believe, and based on said information and belief allege, that at all relevant times mentioned herein, each defendant was the agent, employee, joint venturer, predecessor-in-interest, successor-in-interest, co-conspirator, alter ego or a partner of the other, and in doing the things alleged, was acting in the course and scope of said agency, employment, joint venture or other relationship. Each defendant has authorized, ratified and imposed the acts of the

remaining defendants and each defendant ratified, entrusted, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and each of them, as set forth below, and/or retained the benefits of said negligent and/or wrongful acts.

## IV. FACTUAL ALLEGATIONS

24.     Sometime before April 28, 2014, Plaintiffs are alleged to have incurred certain financial obligations.

25.     These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

26.     These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

27.     Sometime thereafter, but before April 28, 2014, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiffs currently take no position as to the validity of this alleged debt.

28.     Subsequently, but before April 28, 2014, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

29.     On or about April 28, 2014, Defendant Asset Recovery Bureau, by and through its representative Tasha Gallagher sent a letter to Plaintiffs.  This letter was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

30.     In this letter, marked in bold capital letters "**FINAL NOTICE**" Defendant stated:

> Re: Wage Garnishment with Empire Media Marketing II (Payday Advance)
> Dear David & Julie,

Enclosed please find a Wage Garnishment application, in the amount of $2400.00 plus court costs for the money owed to Empire Media Marketing II.
Before forwarding this Garnishment to the Sheriff's Department for execution, we would rather make some payment arrangements in lieu of this legal proceeding.
Please call us in the next five (5) days so we can both avoid this time consuming and expensive process.

31.     The message failed to disclose that the communication was from a debt collector.

32.     The message failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

33.     The message failed to disclose the consumers' right to dispute and request verification of the debt within thirty days.  The message failed to disclose the consumers' right to receive the original creditor's address.  The message failed to disclose all collection activity would cease if any of the above information was requested until the information is sent to the consumers.

34.     The message falsely represented the legal status of the debt.  Plaintiffs have not been sued by Defendant Empire Media Marketing II, nor is there any judgment against Plaintiffs by Defendant Empire Media Marketing II.

35.     This caused Plaintiff Julie Weathersby emotional distress as she was worried that her wages would be garnished, and she could possibly lose her job. She had trouble sleeping at night, due to these worries.

36.     On or about May 19, 2014, Defendants Asset Research Bureau and Empire Media Martketing, by and through their representative Tasha Gallagher sent a letter to Plaintiffs.  This letter was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

37.     In this letter, Defendant stated:

Dear David & Julie,
We have tried to reach you by telephone and have been unsuccessful, I just wanted to let you know that we have not received a payment on your

account with our company. Your current balance is $630.00. We would like to make reasonable payment arrangements you can live with, outside of going to small claims court. A payment is currently due at this time. Please remit the amount due or a payment in the next 7 days or call us at (951) 693-1339 to make payment arrangements so that we can avoid further legal action.

38.     The message failed to disclose that the communication was from a debt collector.

39.     The message failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

40.     The message failed to disclose the consumers' right to dispute and request verification of the debt within thirty days.  The message failed to disclose the consumers' right to receive the original creditor's address.  The message failed to disclose all collection activity would cease if any of the above information was requested until the information is sent to the consumers.

41.     Once again, this caused Plaintiff Julie Weathersby emotional distress due to worries about losing her job.  This caused her to lose sleep as well.

42.     On June 18, 2014, Plaintiffs received a call from Asset Recovery Bureau.  In that call, the caller was told that Plaintiff was represented by an attorney and to contact their attorney.  The caller was given the name and phone number of Plaintiffs' attorney.

43.     On August 8, 2014, someone from Asset Recovery Bureau left a message for Plaintiffs.  The call did not state that Asset Recovery Bureau was a Debt Collector.  Plaintiff Julie Weathersby returned the phone call from Asset Recovery Bureau and left a message informing them again that Plaintiffs are represented by an attorney and gave them his contact information.

44.     On August 28, 2014, someone from Asset Recovery Bureau left a message for Plaintiff David Weathersby.  In this message, the caller did not advise Plaintiff that Asset Recovery Bureau was a debt collector.

## V. CAUSES OF ACTION

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.
### (Against Defendants Empire Media Marketing, II, Asset Recovery Bureau, LLC, Asset Research Bureau, and Tasha Gallagher)

45.     Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

46.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §1692c(a)2), §1692d, §1692e, §1692e(2), §1692e(4), §1692e(5), §1692e(9), §1692e(10), §1692e(11), §1692e(13), §1692f, §1692f(1), §1692f(6), §1692g, §1692g(a), §1692g(a)(3), §1692g(a)(4).

47.     As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### COUNT II
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL.CIV.CODE §§ 1788-1788.32
### (Against All Defendants)

48.     Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

49.     The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

50.     As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the

amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## COUNT III
## NEGELIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

51.    Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

52.    Defendants' outrageous, abusive and intrusive acts as described herein constituted negligence.

53.    Defendants negligently inflicted emotional distress

54.    Defendants breached a duty imposed and failed to exercise ordinary care.

55.    Defendants owed Plaintiffs a duty to refrain from unlawful debt collections (California Civil Code §1788 et. seq. and 15 U.S.C. §1692 et. seq.).

56.    The breach of such duty proximately caused injury to Plaintiffs.

57.    The injury resulted from an occurrence, the nature of which these statutes were designed to protect Plaintiffs from.

58.    Plaintiffs are members of the class of persons the statutes were designed to protect.

59.    Defendants' conduct, as described herein, was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

60.    Defendants negligently trained, supervised, and retained their employees and agents.

61.    Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiffs severe and serious emotional distress in that the Defendants wrongful conduct has caused harm as described above.

62.    It is clearly foreseeable that Defendants' actions as described herein could cause harm, including severe and serious emotional distress.

63.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.  Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiffs' harm as noted above.

64.     Defendants acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.  Defendants acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiffs.

**COUNT IV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against All Defendants)**

65.     Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

66.     Defendants engaged in extreme, outrageous and unreasonable acts, in conscious disregard of the law, as described above.  These acts went beyond the bounds of decency expected in a civilized society.

67.     Defendants engaged in their outrageous conduct with the intent to cause Plaintiffs to suffer severe emotional distress and with the realization that injury to Plaintiffs would result and/or engaged in their outrageous conduct with reckless disregard of the probability of causing Plaintiffs to suffer severe emotional distress.

68.     The communications by Defendants have caused Plaintiffs to suffer extreme stress and anxiety which resulted in Plaintiffs losing sleep.

69.     As a direct and proximate result of Defendants' outrageous conduct, Plaintiffs have suffered and continue to suffer from severe emotional distress, including, but not limited to: humiliation, sleeplessness, nervousness, fear of answering the door, embarrassment when speaking with family, friends, or co-workers, depression, feelings of guilt, helplessness, appetite and/or weight loss or

1  overeating and weight gain, restless or irritability, and headaches.  Plaintiffs have

2  suffered and continue to suffer from anxiety and distress.

3        70.    As a proximate result of Defendants' conduct, Plaintiffs have suffered

4  damages in an amount to be determined according to proof at trial.

5        71.    Defendants acted with malice, oppression, and/or fraud toward, within

6  the meaning of Cal Civil Code §3294, thereby entitling Plaintiffs to an award of

7  punitive damages.  Defendants' corporate officers, directors, or managing agents

8  are personally guilty of oppression, fraud, or malice, had advance knowledge of the

9  unfitness of the employees who acted towards Plaintiffs with malice, oppression,

10  or fraud, employed such employees with conscious disregard for the rights or

11  safety of others and/or themselves authorized or ratified the wrongful conduct.

## VI. PRAYER FOR RELIEF

13        WHEREFORE, Plaintiff respectfully requests that the Court enter judgment

14  in his favor as follows:

15  A.    **For the FIRST CAUSE OF ACTION**:

16      (i)    An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1),

17          including emotional distress.

18      (ii)    An award of the maximum statutory damages for Plaintiffs pursuant

19          to 15 U.S.C. § 1692k(a)(2)(A);

20      (iii)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §

21          1692k(a)(B)(3); and

22      (iv)    For such other and further relief as may be just and proper.

23  B.    **For the SECOND CAUSE OF ACTION**:

24      (v)    An award of actual damages pursuant to Cal. Civil Code §1788.30(a),

25          including emotional distress;

26      (vi)    An award of the maximum statutory damages for Plaintiffs pursuant

27          to Cal. Civil Code §1788.30(b);

28      (vii)    Attorney's fees, litigation expenses, and costs pursuant to Cal. Civil

Code §1788.30(c); and

(viii)  For such other and further relief as may be just and proper.

**C.**    **For the THIRD CAUSE OF ACTION**:

(ix)    For an award of actual, compensatory and incidental damages in an amount to be proved at trial; and

(x)    For such other and further relief as may be just and proper.

**D.**    **For the FOURTH CAUSE OF ACTION**:

(xi)    For an award of actual, compensatory and incidental damages in an amount to be proved at time of trial;

(xii)   For an award of punitive damages in an amount to be determined at trial because Defendants' actions were oppressive, fraudulent, or malicious; and

(xiii)  For such other and further relief as may be just and proper.

Plaintiff hereby requests trial by jury.

Dated: April 20, 2015                 **LAW OFFICES OF BARAK BERLIN**


/s/ Barak J. Berlin
_____
BARAK J. BERLIN

**LAW OFFICES OF CRAIG FRIEDBERG**


/s/ Craig Friedberg
_____
CRAIG FRIEDBERG

Attorneys for Plaintiffs
David and Julie Weathersby